**James Everett Shelton**
**316 Covered Bridge Road**
**King of Prussia, PA 19406**
**(484) 626-3942**
**jeshelton595@gmail.com**

**Plaintiff, Pro Se**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| **JAMES EVERETT SHELTON** : <br> **316 Covered Bridge Road** : <br> **King of Prussia, PA 19406** : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **ALPINE FUNDING PARTNERS, LLC** : <br> **c/o National Registered Agents, Inc.** : <br> **1209 Orange Street** : <br> **Wilmington, DE 19801** : <br> : <br> **Defendant** : <br> : | No. _____ |

---

### COMPLAINT:

Plaintiff, James Everett Shelton, brings this action against Defendant ALPINE

FUNDING PARTNERS, LLC, and alleges based on personal knowledge and information, and

belief, as follows:

### Preliminary Statement

**1.**     As the Supreme Court recently explained, "Americans passionately disagree about many

things. But they are largely united in their disdain for robocalls. The Federal Government receives

a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For

nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am.*

*Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

1

**2.**     Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that ALPINE FUNDING PARTNERS, LLC sent a series of automated "robotext" messages for the purposes of commercial solicitation by contacting Plaintiff's cellular telephone number listed on the National Do-Not-Call Registry, which is prohibited by the TCPA.

**3.**     Plaintiff never consented to receive any of these text messages, which were placed to him for telemarketing purposes.

<u>**Parties**</u>

**4.**     The Plaintiff is JAMES EVERETT SHELTON ("Plaintiff"), a natural person, resides in King of Prussia, PA 19406, and is a citizen of the Commonwealth of Pennsylvania, and was the individual who received the alleged phone calls in this case on his private mobile telephone, and was a resident of Pennsylvania during the calls, in this case in Montgomery County, Pennsylvania.

**5.**     Defendant ALPINE FUNDING PARTNERS, LLC ("Alpine") is a limited liability company organized and existing under the laws of Delaware, and is registered in the State of New York as a foreign limited liability company, and is registered in the State of Florida as a foreign limited liability company, and can be served via its registered agent, National Registered Agents, Inc., at either 1209 Orange Street, Wilmington, DE 19801, or 28 Liberty St., New York, NY 10005. Defendant markets and sells, *inter alia*, loans and business financing to people in Pennsylvania, and engages in telemarketing into this district, as it did with the Plaintiff.

<u>**Jurisdiction & Venue**</u>

2

**6.**     This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 556 U.S. 368, 372 (2012).

**7.**     This Court has personal jurisdiction over the Defendant because they have repeatedly placed calls and/or text messages to Pennsylvania residents with Pennsylvania telephone area codes, and derive revenue from Pennsylvania residents, and they sell goods and services to Pennsylvania residents, including the Plaintiff.

**8.**     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendant conducts business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in Montgomery County, Pennsylvania, and Plaintiff was residing in Pennsylvania for all calls, in King of Prussia, Montgomery County, Pennsylvania. Defendant conducts business in this judicial district by calling Pennsylvania citizens.

<u>**Statutory Background**</u>

<u>**The Telephone Consumer Protection Act**</u>

**9.**     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

**10.**     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(l)(A)(iii).

3

**11.**     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

**12.**     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**13.**     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." I*n re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

**14.**     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do-Not-Call Registry
**15.**     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

**16.**     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

**17.**     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

**18.**     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 52 (9th Cir. 2009).

**Factual Allegations**

**19.**     Defendant provides loans and business financing services to people in Pennsylvania and nationwide.

**20.**     Defendant routinely violates the TCPA as a part of its business model and knowingly and willfully commits TCPA violations.

**21.**     Defendant's management has a past history of being sued for allegedly violating the TCPA, prior to many of the text messages that are the subject of this lawsuit.

**22.**     Defendant's Managing Member, corporate Officer and upon information and belief, primary owner, Mr. Scott Crockett, is an officer and managing member of a separate company which is also in the business financing industry, EBF Partners, LLC.

**23.**     Mr. Crockett's other company, EBF Partners, LLC, was sued in an action in the District of New Jersey on December 13, 2017, captioned *Cunningham v. Capital Advance Solutions, LLC and EBF Partners, LLC*, et. al, Case No. 3:17-cv-13050-FLW-DEA. The plaintiff in *Cunningham* alleged that calls were placed to Cunningham's cell phone for the ultimate benefit

of EBF Partners, LLC, as they were implicated for this allegedly illegal conduct when they sent the plaintiff a contract to loan money to the plaintiff. This case was subsequently dismissed.

24.     Defendant's Managing Member and owner, Mr. Scott Crockett, was sued personally for allegedly violating the TCPA in an action filed in the Western District of Texas on August 9, 2021, captioned *Callier v. EBF Partners, LLC and Scott Crockett*, Case No. 3:21-cv-00180. Mr. Crockett was served with this suit on August 11, 2021. The *Callier* action alleged that Crockett was personally liable under the TCPA for at least (12) telephone solicitation calls made to Mr. Callier without his consent sent on behalf of Crockett's company, EBF Partners, LLC. This action was subsequently resolved in November, 2021, according to the court docket.

25.     Despite these prior lawsuits, Defendant and the human beings that run Defendant's business operations, including its manager/officer, Mr. Scott Crockett, failed to reform Defendant's business practices to bring them in compliance with the TCPA.

### The Text Messages Sent to the Plaintiff

26.     At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (484) 626-3942.

27.     At all times material hereto, Plaintiff was the subscriber of the telephone number (484) 626-3942 and paid his cell phone bill through T-Mobile.

28.     Plaintiff's phone number is his private cell phone number and is used by Plaintiff solely.

29.     Plaintiff's phone number is registered with T-Mobile as his personal telephone number and not as a business telephone number.

30.     At all times material hereto when the calls as alleged in this case were made to Plaintiff, Plaintiff's telephone number was not held out by Plaintiff as the contact telephone number for any business.

31.     Plaintiff's personal cellular telephone number is a "residential" telephone number that he uses for various personal, family, and household purposes, such as sending and receiving emails, timing food when cooking, sending and receiving text messages, calling friends and family while at home, using the phone's alarm function to wake up in the morning, and for navigation purposes.

32.     Plaintiff's personal cellular telephone number (484) 626-3942 has been registered on the Do-Not-Call Registry since June 26, 2015.

33.     Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls and text messages. The text messages prevented Plaintiff from using his phone for legitimate purposes.

34.     The Plaintiff has received at least twenty (20) automated text messages between July 28, 2021 and January 31, 2022 to his cell phone number 484-626-3942, without his prior express written consent and not related to an emergency purpose, promoting working capital and/or financing services from Defendant Alpine.

35.     All of the automated text messages alleged in this Complaint were sent from the caller ID 305-723-9016.

36.     **Text 1:** On July 28, 2021 at 12: 16 PM, the Plaintiff received an automated text message which read as follows:

> **Hi it's Alpine Funding, this is Cheryl here**
> CAPITAL SPECIAL FOR VIPS
> How much $ would help your business today?
> Reply STOP to opt out

37.     A true and correct screenshot of the first automated text message is attached to this Complaint as Exhibit "A".

38.     The text messages were sent at regular intervals and at similar times of day.

7

**39.**     The text messages all indicated they were sent by Defendant Alpine, and also stated they were from "Cheryl" or "Robert" on each text.

**40.**     These text messages were all commercial solicitations in nature, advertising Defendant's financing services to the Plaintiff.

**41.**     All of the twenty (20) text messages as alleged in this Complaint were sent using an "automatic telephone dialing system".

**42.**     Each of the text messages ended with "Reply STOP to opt out" or "Text STOP to end", which is further evidence that the messages were sent utilizing an "automatic telephone dialing system".

**43.**     Prior to filing this lawsuit, Plaintiff conducted a Google search for the phone number 305-723-9016, and the third search result on Google was Defendant's website, www.alpinefundings.com.

**44.**     The following is a table detailing the automated text messages sent by Defendant to the Plaintiff's cell phone number:

| Text Number: | Date: | Time | Caller ID: |
|---|---|---|---|
| 1 | 07/28/2021 | 12:16 PM | 305-723-9016 |
| 2 | 08/13/2021 | 12:16 PM | 305-723-9016 |
| 3 | 08/24/2021 | 3:19 PM | 305-723-9016 |
| 4 | 09/10/2021 | 1:44 PM | 305-723-9016 |
| 5 | 09/20/2021 | 1:03 PM | 305-723-9016 |
| 6 | 09/28/2021 | 1:05 PM | 305-723-9016 |
| 7 | 10/06/2021 | 12:53 PM | 305-723-9016 |

| 8 | 10/14/2021 | 12:24 PM | 305-723-9016 |
|---|---|---|---|
| 9 | 10/22/2021 | 12:26 PM | 305-723-9016 |
| 10 | 11/01/2021 | 12:24 PM | 305-723-9016 |
| 11 | 11/09/2021 | 12:37 PM | 305-723-9016 |
| 12 | 11/17/2021 | 1:29 PM | 305-723-9016 |
| 13 | 12/03/2021 | 3:53 PM | 305-723-9016 |
| 14 | 12/13/2021 | 12:11 PM | 305-723-9016 |
| 15 | 12/17/2021 | 11:50 AM | 305-723-9016 |
| 16 | 12/29/2021 | 2:06 PM | 305-723-9016 |
| 17 | 01/06/2022 | 4:15 PM | 305-723-9016 |
| 18 | 01/13/2022 | 1:52 PM | 305-723-9016 |
| 19 | 01/21/2022 | 3:14 PM | 305-723-9016 |
| 20 | 01/31/2022 | 11:11 AM | 305-723-9016 |

**45.**     True and correct screenshots of texts 2 – 20 are attached to this Complaint as Exhibit "B".

**46.**     Plaintiff did not want or need a loan or any financing.

**47.**     The impersonal and generic nature of Defendant's text messages demonstrate that Defendant utilized an Automatic Telephone Dialing System (ATDS) in making the calls.

**48.**     These facts, as well as the geographic distance between the Plaintiff and Defendant and the fact that this was clearly an aggressive nationwide telemarketing campaign, indicate that the text messages were made using an ATDS.

**49.**     Upon information and belief, Defendant's ATDS used a random or sequential number generator to send automated text messages to his cell phone.

50.     Defendant did not have the Plaintiff's prior express written consent to send any of these automated text messages.

51.     Prior to these unsolicited telephone communications, the Plaintiff has never done any business with Defendant and Plaintiff never provided Defendant with his cellular telephone number.

52.     To the extent Defendant contend that they obtained consent or agreement from Plaintiff for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that such records be maintained. In any event, consent is an affirmative defense under the TCPA, this defense is unavailable unless Defendant can show that they had prior express consent in writing, and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2), including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records documenting such access. Defendant did not have prior express written consent to such calls from Plaintiff.

53.     Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

54.     Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)( iii). Pl aintiff's telephone number is registered with T-Mobile as a cellular telephone number and is used for personal purposes.

55.     These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

56.     Defendant is not an organization exempt from the TCPA.

**57.**     Defendant's texts to Plaintiff were "telephone solicitations" as defined by the TCPA.

**58.**     Defendant's texts to Plaintiff were "unsolicited advertisements" as defined by the TCPA.

**59.**     Plaintiff was harmed by these texts. Plaintiff was temporarily deprived of legitimate use of his phone because of the text message notifications, and his privacy was improperly invaded. Moreover, these texts injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff. The texts caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

**60.**     In summary, Plaintiff received twenty (20) automated sales text messages from Defendant to Plaintiff's personal cell phone number which is registered on the National Do-Not-Call list.

### Defendant Contacted Plaintiff via Automated Text Message without a DNC Policy

**61.**     Pursuant to 47 CFR § 64.1200(d)(1), a telemarketer is required, upon request, to send a consumer a written copy of their company Do-Not-Call Policy.

**62.**     Upon information and belief, at all times material hereto, Defendant did not have a "Do-Not-Call Policy" in place

**63.**     Plaintiff contacted Defendant via e-mail sent to info@alpinefundings.com on February 2, 2022 at 2:06 PM and requested a copy of Defendant's internal company Do-Not-Call Policy. Attached as Exhibit "C" is a true and correct copy of said e-mail sent to Defendant on February 2, 2022.

**64.**     This e-mail was successfully delivered to Defendant.

**65.**     Defendant failed and/or refused to provide a "Do-Not-Call Policy" to Plaintiff, despite more than thirty (30) days elapsing since the February 2, 2022 e-mail was sent to Defendant, with no response from Defendant whatsoever.

**66.**     Prior to filing this lawsuit, on February 20, 2022, Plaintiff contacted Defendant via e-mail sent to info@alpinefundings.com, giving Defendant the opportunity to explain its actions, and requesting that Defendant forward Plaintiff all documents that evidence any purported "consent" to receive telemarketing calls and/or text messages from Defendant, before Plaintiff proceeded with a formal claim. *See* Exhibit "D", a true and correct copy of the February 20, 2022 e-mail.

**67.**     Defendant ignored Plaintiff's February 20, 2022 e-mail, and did not provide Plaintiff with any explanation for why he received these text messages, nor did Defendant assert it had Plaintiff's consent to send these texts.

**68.**     Plaintiff avers that this is because Defendant does not have a DNC policy in place.

**69.**     All of the text messages in this case occurred when Defendant did not have a written policy, available on demand, for maintaining a do-not-call list

### Causes Of Action

### First Cause of Action

(Negligent Violations of the TCPA, "ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)

**70.**     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**71.**     Defendant sent text messages to Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least twenty (20) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

**72.**     As a result of Defendant's and Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**73.**     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

<u>**Second Cause of Action**</u>

(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)

**74.**     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**75.**     Defendant sent text messages Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least twenty (20) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

**76.**     Plaintiff was statutorily damaged at least twenty (20) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the text messages described above.

**77.**     As a result of Defendant's and Defendant's agents' knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

**78.**     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

<u>**Third Cause of Action**</u>

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)

**79.**     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**80.**     Defendant texted Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

**81.**     Plaintiff was statutorily damaged at least twenty (20) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the text messages described above, in the amount of $500.00 per text.

**82.**     As a result of Defendant's and Defendant's agents' violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

**83.**     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

<u>**Fourth Cause of Action**</u>

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

**84.**     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**85.**     Defendant texted Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

**86.**     Plaintiff was statutorily damaged at least twenty (20) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the automated text messages described above, in the amount of $500.00 per text.

**87.**     As a result of Defendant's and Defendant's agents' knowing and/or willful violations

14

of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble

damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47

U.S.C. § 227(c)(5).

**Fifth Cause of Action**

(Negligent Violation of the TCPA's Implementing Regulations,
"Do Not Call Policy" Requirement, 47 C.F.R. 64.1200(d)(1)

**88.**   Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

**89.**   Defendant failed and/or refused to provide Plaintiff with a copy of their Do-Not-Call

Policy, after Plaintiff requested one in writing on February 2, 2022 via email.

**90.**   Defendant sent twenty (20) text messages to the Plaintiff without having a Do-Not-Call

Policy or Do-Not-Call procedures in place.

**91.**   As a result of Defendant's and Defendant's agents' negligent violations of 47 CFR §

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages, pursuant to the implied

private right of action.

**92.**   Plaintiff was statutorily damaged one (1) time under 47 U.S.C. § 227(c)(3)(F) and 47

C.F.R. § 64.1200(d)(1) by the Defendant when they failed and/or refused to provide Plaintiff

with a copy of Defendant's Do-Not-Call policy, in the amount of $500.00.

**Sixth Cause of Action**

(Knowing and/or Willful Violation of the TCPA's Implementing Regulations,
"Do Not Call Policy" Requirement, 47 C.F.R. 64.1200(d)(1)

**93.**   Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

**94.** As a result of Defendant's and Defendant's agents' negligent violations of 47 CFR § 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages, pursuant to the implied private right of action.

**95.** Plaintiff was statutorily damaged one (1) time under 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(d)(1) by the Defendant when Defendant failed and/or refused to provide Plaintiff with a copy of Defendant's Do-Not-Call policy, in the amount of $500.00.

**96.** As a result of Defendant's and Defendant's agents' knowing and/or willful violations of 47 CFR § 64.1200(d)(1), Plaintiff seeks for himself $1,500 in trebled statutory damages, pursuant to the implied private right of action.

**WHEREFORE, Plaintiff prays for relief against Defendant, as follows:**
**I.     Prayer for Relief**

On Causes of Action 1-6:

1. For awards of $500 for each negligent violation as set forth in actions 1-6.

2. For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-6.

3. Injunctive relief against Defendant, to prevent future wrongdoing;

Total statutory damages: **61,500.00** (Twenty (20) counts of: "Automated Text Message", Twenty (20) counts of "Sales text message to a number registered on the National Do-Not-Call Registry", and one (1) count of "Failure to Provide a Copy of Defendant's Do-Not-Call Policy", with treble damages for each.)

4. Prejudgment interest at the maximum legal rate;

5. Costs of suit herein incurred; and

6. All such other and further relief as the Court deems proper.

## II.     Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: March 8, 2022

*James E. Shelton*

James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com

## VERIFICATION

I, JAMES EVERETT SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint

are true and correct to the best of my knowledge, information, and belief. I understand that the

statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn

falsification to authorities.

Dated: March 8, 2022

*James E. Shelton*

JAMES EVERETT SHELTON

# EXHIBIT A
## Screenshot
## of Text #1

11:44

< 

+1 (305) 723-9016 >

Text Message
Wed, Jul 28, 12:16 PM

Hi it's Alpine Funding, this is
Cheryl here

 CAPITAL SPECIAL FOR VIPs

How much 💲 would help your
business today?

Reply STOP to opt out

Fri, Aug 13, 12:16 PM

Hi, from Alpine Funding

⚡ Flash Working Capital Sale
⚡

How much 💲 would help your
business today?

Reply STOP to opt out

Tue, Aug 24, 3:19 PM

Hi it's Alpine, this is Cheryl here

Text Message

# <u>EXHIBIT B</u>
# Screenshots of Texts #2-20

11:44

< +1 (305) 723-9016 >

Fri, Aug 13, 12:16 PM

Hi, from Alpine Funding

⚡ Flash Working Capital Sale

How much 💲 would help your business today?

Reply STOP to opt out

Tue, Aug 24, 3:19 PM

Hi it's Alpine, this is Cheryl here

💎 VIP Approved for Business Capital 💎

How much 💲 would help your business today?

Reply STOP to opt out

Fri, Sep 10, 1:44 PM

Hi from Alpine Funding, this is Cheryl here

⏰ Your VIP Capital Offer is

Text Message

11:44

< +1 (305) 723-9016 >

Fri, Sep 10, 1:44 PM

Hi from Alpine Funding, this is Cheryl here

⏰ Your VIP Capital Offer is Waiting ⏰

How much 💲 would boost business today?

Reply STOP to opt out

Mon, Sep 20, 1:03 PM

Hi from Alpine Funding, this is Cheryl here

⏰ Your VIP Capital Offer is Waiting ⏰

How much 💲 would boost business today?

Text STOP to end

Tue, Sep 28, 1:05 PM

Hi from Alpine Funding, this is Cheryl here

Text Message

11:44

+1 (305) 723-9016 ›

Tue, Sep 28, 1:05 PM

Hi from Alpine Funding, this is Cheryl here

 Unlock Extra Working Capital 🔒

How much 💸 would help business today?

Text STOP to end

Wed, Oct 6, 12:53 PM

Hi from Alpine Funding, this is Cheryl here

 Unlock Extra Working Capital 🔒

How much 💸 would help business today?

Text STOP to end

Thu, Oct 14, 12:24 PM

Hi from Alpine Funding, this is Cheryl here

Text Message

11:44

+1 (305) 723-9016 ›

Thu, Oct 14, 12:24 PM

Hi from Alpine Funding, this is Cheryl here

🔑 Unlock Extra Working Capital 🔒

How much 💸 would help business today?

Text STOP to end

Fri, Oct 22, 12:26 PM

Hi from Alpine Funding, this is Cheryl here

🔑 Unlock Extra Working Capital 🔒

How much 💸 would help business today?

Text STOP to end

Mon, Nov 1, 12:24 PM

Hi it's Alpine Funding, this is Robert here

Text Message

11:44

+1 (305) 723-9016 ›

Mon, Nov 1, 12:24 PM

Hi it's Alpine Funding, this is Robert here

⏰ Your VIP Offer is Waiting ⏰

How much 💲 would help your business today?

Text STOP to end

Tue, Nov 9, 12:37 PM

Hi it's Alpine, this is Robert here

💰 Your Funding is READY! 💰

☑️ No Broker Fees

How much 💲 does your Business need today?

Text STOP to end

Wed, Nov 17, 1:29 PM

Hi it's Alpine, this is Robert here

🍂 Fall into Extra Funding

Text Message

11:44

< 

+1 (305) 723-9016 ›

Wed, Nov 17, 1:29 PM

Hi it's Alpine, this is Robert here

🍂 Fall into Extra Funding

🍁 No Broker Fees

How much 💲 would help business?

Text STOP to end

Fri, Dec 3, 3:53 PM

Hey it's Alpine, this is Robert here

❄️ Get Extra Funding Today

🎁 No Broker Fees

How much 💲 would help business?

Text STOP to end

Mon, Dec 13, 12:11 PM

Hi it's Alpine, this is Robert here

Text Message

11:44

< 

+1 (305) 723-9016 ›

Mon, Dec 13, 12:11 PM

Hi it's Alpine, this is Robert here

🦌 Get Extra Funding ❄️

🎁 No Broker Fees

How much 💲 could the business use?

Text STOP to end

Fri, Dec 17, 11:50 AM

Hey it's Alpine, this is Robert here

🔔 Get Extra Funding Today

🎁 No Broker Fees

How much 💲 would help business?

Text STOP to end

Wed, Dec 29, 2:06 PM

Hey it's Robert from Alpine

Text Message

11:44

< 

+1 (305) 723-9016 >

Wed, Dec 29, 2:06 PM

Hey it's Robert from Alpine

🎉 2021 Funding Blowout

💥 Best Deals of the Year

✨ No Broker Fees

How much 💲 would Boost your Business?

Text STOP to end

Thu, Jan 6, 4:15 PM

Hey it's Alpine, this is Robert here

🎉 2022 Funding Blowout

🔔 Get Extra Capital Today

✨ No Broker Fees

How much 💲 would help your Biz in the New Year?

Text STOP to end

Text Message

**11:44**

< 

+1 (305) 723-9016 ›

Text STOP to end

Thu, Jan 13, 1:52 PM

Hey it's Alpine Funding, this is Robert here

🎈 Get Extra Capital for 2022

✔️ No Broker Fees

How much 💲 would help your Biz today?

Text STOP to end

Fri, Jan 21, 3:14 PM

Hey it's Alpine Funding, this is Robert here

🚀 Fast Capital for 2022

👀 No Broker Fees

How much 💲 would help your Biz today?

Text STOP to end

11:44

+1 (305) 723-9016 ›

Fri, Jan 21, 3:14 PM

Hey it's Alpine Funding, this is Robert here

 Fast Capital for 2022

 No Broker Fees

How much 💲 would help your Biz today?

Text STOP to end

Mon, Jan 31, 11:11 AM

Hey it's Alpine Funding, this is Robert here

⏰ Your VIP Offer is Waiting

 No Broker Fees / Direct Funder

How much 💲 would help Business?

Text STOP to end

Text Message

# <u>EXHIBIT C</u>
# February 2, 2022
# Email to Defendant

 Gmail

**Jamie Shelton <jeshelton595@gmail.com>**

---

## Do Not Call Policy
1 message

---

**Jamie Shelton** <jeshelton595@gmail.com>        Wed, Feb 2, 2022 at 2:06 PM
To: info@alpinefundings.com

Hello,

Please provide me with a copy of your company's internal Do-Not-Call Policy. Thank you for your prompt attention to this matter. Thank you.

James Everett Shelton

# **<u>EXHIBIT D</u>**
# **February 20, 2022**
# **Email to Defendant**

 Gmail

**Jamie Shelton <jeshelton595@gmail.com>**

---

## TCPA Violations - Alpine Funding Partners, LLC
1 message

---

**Jamie Shelton** <jeshelton595@gmail.com>                 Sun, Feb 20, 2022 at 1:36 PM
To: info@alpinefundings.com

Dear Sirs,

My name is James Shelton. I write regarding a telemarketing concern of mine. Between July 28, 2021 and January 31, 2022,  I received at least twenty (20) automated text messages to my cellular telephone number, (484) 626-3942 from your company.

I did not provide my consent to your company to make telemarketing calls to
me. My telephone number, 484-626-3942, is on the National Do Not Call List and the Pennsylvania Do Not Call List.. According to the Telephone Consumer Protection Act ("TCPA") it is illegal to make marketing text messages to someone on the Federal Do Not Call List without first obtaining the express consent of the recipient. Furthermore, the texts were sent using an automatic telephone dialing system ("ATDS"), which is also prohibited by the TCPA without obtaining my prior express written consent.

Please forward to my attention all documents that evidence any purported consent
to receive telemarketing calls and/or text messages from your company. Additionally, please immediately place my number 484-626-3942 on your Do-Not-Call list and provide me with a copy of your Do-Not-Call policy. **Before I proceed with a formal claim, I wanted to give your company the opportunity to explain its actions.** Please forward this information to my attention by e-mail (jeshelton595@gmail.com) by February 27, 2022.

Sincerely,

James Shelton

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JAMES EVERETT SHELTON | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ALPINE FUNDING PARTNERS, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 03/08/2022 | *James E. Shelton* | Pro Se |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-626-3942 | | jeshelton595@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JAMES EVERETT SHELTON | ALPINE FUNDING PARTNERS, LLC |

| **(b)** County of Residence of First Listed Plaintiff MONTGOMERY<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant NEW CASTLE<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
|---|---|

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>316 Covered Bridge Road, King of Prussia, PA 19406<br>Pro Se Plaintiff Phone: (484) 626-3942 | Attorneys *(If Known)*<br>Unknown |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 et. seq.
Brief description of cause:
Violations of the TCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 61,500.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 03/08/2022

SIGNATURE OF ATTORNEY OF RECORD
*James E. Shelton*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JAMES EVERETT SHELTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALPINE FUNDING PARTNERS, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| 03/08/2022 | *James E. Shelton* | Pro Se |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-626-3942 | | jeshelton595@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying the track that plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.